UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA VERONICA LOPEZ JUAREZ,           CIVIL ACTION
ET AL.

VERSUS

ALEJANDRO MAYORKAS, ET AL.                NO. 23-00463-BAJ-SDJ

## RULING AND ORDER

Plaintiff Guadalupe Adrian Orozco Garcia (*hereinafter* Plaintiff Orozco), a lawful permanent resident of the United States, has begun the process of acquiring a green card for his wife, Plaintiff Patricia Veronica Lopez Juarez (*hereinafter* Plaintiff Lopez), who is unlawfully present in the United States. (Doc. 1 ¶ 2). In February 2020, Plaintiff Orozco filed a U.S. Citizenship and Immigration Services (USCIS) Form I-130, Petition for Alien Relative, on behalf of Plaintiff Lopez, which was approved on January 4, 2021. (*Id.*). On June 25, 2021, the couple took the next step and "filed a USCIS Form I-601A, Application for Provisional Unlawful Presence Waiver, . . . to excuse [Plaintiff Lopez's] unlawful presence in the United States." (*Id.*). On June 15, 2023, after over two years had passed with no decision from USCIS on the application, Plaintiffs sued various officials in the Federal Government alleging unreasonable delay and seeking to force an adjudication. (*Id.* ¶ 5). In response, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 7), arguing that Congress has prevented federal courts from reviewing decisions by the Executive Branch regarding waivers of unlawful presence. (Doc. 7 at 1). Plaintiffs oppose the Motion (Doc. 6).

Generally, Congress does not intend to foreclose judicial review. But the presumption "may be overcome by specific language in a [statutory] provision or evidence drawn from [a] statutory scheme as a whole." *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (cleaned up). Here, the relevant statute includes such jurisdiction-stripping language. The provision reads:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. *No court shall have jurisdiction to review a decision or action* by the Attorney General *regarding a waiver under this clause.*

8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). Based on this language, courts have held that the statute bars review of unreasonable-delay claims like the one brought here. *See, e.g., Echeverri v. United States Citizenship & Immigr. Servs.*, No. 23-CV-21711-RAR, 2023 WL 5350810, at *4 (S.D. Fla. Aug. 21, 2023); *Mercado v. Miller*, No. 222-CV-02182JADEJY, 2023 WL 4406292, at *3 (D. Nev. July 7, 2023); *Lovo v. Miller*, No. 5:22-CV-00067, 2023 WL 3550167, at *4 (W.D. Va. May 18, 2023).

Two parts of the final sentence support this conclusion. First, if the word "decision" in the phrase "decision or action" refers to the final adjudication of an application for waiver of unlawful presence, then the word "action" must refer to some other aspect of the decision-making process. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant")

2

(quotation omitted). And if "action" encompasses additional aspects of the decision-making process, it stands to reason that this includes *when* the Attorney General takes action on Plaintiff Lopez's application. *See Bian v. Clinton*, 605 F.3d 249, 253–54 (5th Cir. 2010), *vacated as moot*,[1] No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010) ("If Congress had intended for only the USCIS's ultimate decision to grant or deny an application to be discretionary—as distinguished from its interim decisions made during the adjudicative process—then the word "action" would be superfluous."); *Vijay v. Garland*, No. 2:23-CV-157, 2023 WL 6064326, at *1 (M.D. Fla. Sept. 18, 2023) (finding the word "action" in the statute encompasses declining to act).

Second, the Supreme Court has held that the word "regarding" in a legal context "generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Patel v. Garland*, 596 U.S. 328, 339 (2022). The Court in that case construed a jurisdiction-stripping statute that included the phrase "any judgment regarding the granting of relief." *Id.* at 329. The Court held that the word "regarding" incorporated judgments and decisions related to the final adjudication. *Id.* at 329. Here, the Court confronts the phrase "decision or action . . . regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). Guided by the Supreme Court's logic, the Court finds that the word "regarding" here incorporates decisions and action related to the adjudication of a

---

[1] Although the *Bian* decision was vacated as moot when the government delivered plaintiff her desired relief, courts continue to cite its sound reasoning. *See Kivlekar v. USCIS*, No. 3:21-cv-2576-B-BN, 2021 WL 5040230, at *1 (N.D. Tex. Oct. 28, 2021); *Vasylchenko v. USCIS*, No. 3:21-CV-2815-S, 2022 WL 2953018, at *3 (N.D. Tex. July 25, 2022) ("The Fifth Circuit has read this provision [8 U.S.C. § 1252(a)(2)(B)] to apply to both the ultimate decision to grant or deny an I-485 Application as well as the pace of adjudication.")

waiver application. This includes the decision *when* to act.

In sum, under 8 U.S.C. § 1182(a)(9)(B)(v) this Court has no power to review "decisions or actions" related to Plaintiff Lopez's Form I-601A, Application for Provisional Unlawful Presence Waiver. With that language, Congress has deprived this Court of the power to review the time it takes the Attorney General to come to a decision.

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citations omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction"—in this case, Plaintiffs. *Robertson v. Scheuermann*, No. 18-75-JWD-RLB, 2019 WL 96223, at *1 (M.D. La. Jan. 3, 2019) (citation and internal quotation marks omitted). For the reasons stated above, Plaintiffs have failed to establish that this Court has jurisdiction over their claims.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss for Failure to State a Claim (Doc. 24)** be and is hereby **GRANTED**, and that Plaintiffs claims be and

are hereby **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 8th day of February, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

5